## CANY v. HALLECK et al., EXECUTORS OF FOLSOM.

Where a party employed receives a regular specific monthly salary for his services, the presumption of law is that all services rendered by him for his employer during that period, which are of nearly a similar nature to those of his regular duties, are paid for by his salary. And to overcome this presumption, he must show an express agreement for extra pay, otherwise he cannot recover.

APPEAL from the Superior Court of the City of San Francisco.

This was an action to recover of the defendants, as executors of Joseph L. Folsom, deceased, the sum of $22,084, for extra services rendered by plaintiff for Folsom in his lifetime.

Plaintiff was employed by Folsom sometime in the year 1852, as collector of rents of Folsom's estate, for which service he received $250 per month. He continued in that capacity until July, 1854, receiving said monthly salary. On the nineteenth day of July, 1855, Folsom died, leaving a large estate, and by his will appointed the defendants his executors. On the sixth day of December, 1856, the plaintiff presented to the defendants, as such executors, for their allowance, his account, " for services in superintending certain real estate, (described in the account, and valued at $552,100,) preventing squatters from settling on the same, and expelling squatters therefrom, and in securing and retaining for Folsom the exclusive possession thereof, during the years 1852, 1853, and ending July, 1854, charged at the rate of four per cent. upon the value of said property."

This account was properly verified. The executors refused to allow the same, or any part thereof, and thereupon the plaintiff brought this suit. The defendants had judgment in the Court below, and plaintiff appealed. On the trial, certain instructions were given by the Court to the jury, which appear in the opinion of the Court.

*Hall McAllister* for Appellant.

The charge of the Court was erroneous, and entirely misled the jury.

The Court charged the jury :

" That if the plaintiff was under a regular monthly salary from Folsom during the time the services, now claimed for, were performed, then it was a presumption of law, that all the services

he performed during said period, whether ordinary or extraordinary, were paid for by said salary, and to overcome this presumption, plaintiff must show an express agreement for extra pay, otherwise he cannot recover."

Under this charge, there was no possibility of the jury's finding a verdict for the plaintiff.

The charge substantially was, unless an express agreement for extra pay is proved, plaintiff cannot recover.

This was clearly erroneous; an implied agreement might readily have been inferred from the evidence, and to offer testimony from which such implied agreement might be deduced, constituted the main scope of plaintiff's case; but the jury were not allowed, by the charge, to imply anything. They were told that no agreement but an express one would avail plaintiff.

This charge entirely cut off from the consideration of the jury the whole of plaintiff's evidence, for he did not pretend to recover for his extra services by proof of an express contract, but solely and entirely by virtue of an implied agreement, to be inferred from the testimony he adduced.

The Court might just as properly have charged: The plaintiff cannot recover at all, for he has made out no case.

It was not necessary for plaintiff (appellant) to establish an express agreement.

The true question for the jury should have been, whether, taking all the evidence together, plaintiff had made out that he was to be paid for his services. 2 Saunders' Pleading and Evidence, Part II, 1292.

Even when there is an express written contract, if extra services are performed, or extra work done, it is frequently implied from circumstances. This state of facts often occurs in reference to building contracts, but this principle of implication (so to speak) is applicable to all contracts. For the general doctrine, vide 2 Saund. Pleadings and Evi., Part II, 1293; 1 Parson's Contracts, 371, 372; also, 1 Parson's Contracts, 541, 542, and notes; De Boom v. Price & Co., 1 Cal. Rep., 206.

In a recent treatise upon the law of master and servant, it is said: "Unless the circumstances under which services of any sort have been rendered by one person to another, are such as to afford evidence of a contract, either express or implied, on the part of the person said to pay for them, there is no duty binding him to do so," etc. Smith's Master and Servant, 100.

"A and his wife boarded and lodged in the house of B, the brother of A, and both A and his wife assisted B in carrying on his business. A brought an action for the services, to which B pleaded a set-off for board and lodging: *Held*, neither the services, on the one hand, nor the board and lodging, on the other, can be charged for, unless the jury are satisfied that there was

a contract, express or implied." Davies v. Davies, 9 Car. & Payne, 87, to be found in 38 English Com. Law, 46, 47.

The precise case in question is put by Mr. Smith, in his aforesaid treatise on the law of master and servant. He says:

"Upon similar principles it is equally clear, "that where a stipulated remuneration has been agreed upon, the servant has no claim to additional remuneration on the mere ground of his performance of additional services; unless he can prove some contract, either express or implied, on the part of his master, to pay him an increased salary for his additional services, he can recover no remuneration for them." Smith's Master and Servant, 101.

"In fact, it may be said to be a question for a jury in all cases where services have been rendered without any express contract to pay for them, whether or not there was an implied contract to do so." Smith's Master and Servant, 101, 102.

In one class of cases some authorities hold, that.an implied contract will not be inferred, and that the plaintiff can only recover on proof of an express contract. I refer to cases of service arising between relatives.

These cases are *sui generis*, and the principles by which they are governed cannot be successfully invoked in or appropriately applied to a case like the present.

Even in a case between relatives, this Court has held that the plaintiff may recover upon an implied contract. I refer to Murdoch v. Murdoch, 7 Cal., 511.

The error committed by the Judge of the Superior Court in his charge, appears so manifest, and the principle upon which plaintiff (appellant) relies, so elementary, that I will not multiply authorities upon the point, or trouble this Court with its further discussion, believing with Judge Story: "That in the very attempt to make more clear what is unambiguous, there is danger of creating an artificial obscurity."

*Gregory Yale* for Respondents.

1. The direction of the Court to the jury, that they must find an express contract between the plaintiff and testator for agreeing to pay for the services set up in the complaint, in case the plaintiff was proved to have been a regular salaried servant of the testator, and which is assigned as error, was not given on the prayer of the defendants, but by the Court, in reference to all the facts in proof by plaintiff and defendants. 2 Saund. Pleadings & Ev., Part II, 1292.

2. The charge was correct, as a general principle, but especially as applicable to the facts of this case, in reference to which it was given. Lambrun v. Creeden, 40 E. C. L., 358–9; Britton v. Turner, 6 N. H., 491, recognized as sound law by Perkins in his Ed. of Chitty on Con., 580; 2 Story Con., § 962; Peakes Nisi

Prius Cases, 45, 72; Murdoch v. Murdoch, 7 Cal., 511; Nicholson v. Patchen, 5 Cal., 474.

A misdirection of the Judge is not sufficient to set aside a verdict and grant a new trial, if it appears to the Appellate Court, in looking at the whole case, that the losing party should not recover, and that the verdict is just. Greenut v. Stocker, 3 Gillman Ill., 202, commencing at last paragraph on page 214, to end of 216; Welch v. Sullivan, 8 Cal. R., 165.

The nature of the plaintiff's services shows that there could be no contract made respecting it. The policy of the law could not permit a man to engage another to "expel" a squatter from a lot of land. Such a contract necessarily implies the use of force, a breach of the peace follows as inevitable. Land titles can not be settled by a self-constituted tribunal using an armed force to eject the occupant. The occupant is *prima facie* the owner—so held in law until legally ousted. But it is said that the Courts would not oust a squatter on Folsom's title. Then we reply that Folsom had no title. No man has a title to lands which the Courts refuse to recognize. If the Courts refuse to recognize it he has no title. To claim title by force, aside from what the Courts recognize, would be to subvert the foundation of government.

Burnett, J., delivered the opinion of the Court—Terry, C. J., concurring.

This was an action to recover compensation for alleged *extra* services rendered by plaintiff to J. L. Folsom, deceased, in his lifetime. The plaintiff was employed and paid by the deceased a stipulated salary per month for services as collector of rents. The defendant had judgment in the Court below, and the plaintiff appealed.

On the trial the Court instructed the jury as follows:

"That if the plaintiff was under a regular monthly salary from Folsom, during the time the services now claimed for were performed, that it was a presumption of law that all the services he performed during said period, whether ordinary or extraordinary, were paid for by said salary, and to overcome this presumption plaintiff must show an express agreement for extra pay, otherwise he can not recover."

The learned counsel for plaintiff insists that this instruction was erroneous in requiring proof of an *express* agreement, when proof of an *implied* agreement would have been sufficient.

In support of his objection we are referred to Smith's Master and Servant, pages 101-2.

" Upon similar principles it is equally clear," says the author, "that where a stipulated remuneration has been agreed upon, the servant has no claim to *additional* remuneration, on the mere ground of his performance of additional services; unless he can

prove some contract, either express or implied, on the part of his master to pay him an increased salary for his additional services, he can recover no remuneration for them."

In support of the text, the author refers to the case of Bell and Drummond, (Peake, 45.)   In that case it was "proved that the plaintiff having demanded an additional stipend, the testator had desired the witness (as a friend of both parties) to consider what ought to be allowed the plaintiff.   That accordingly the witness did proceed to make an estimate, but before he had finally made up his mind the testator died."

In that case Lord Kenyon placed his decision upon the express ground that "it appeared clearly that the testator himself thought that he ought to pay something, and the only matter in controversy between him and the plaintiff was the *quantum* of the additional allowance."

Here the parties had conferred together as to the right of the servant to extra wages, which right was expressly admitted by the master, and the matter as to the *quantum* alone referred to a mutual friend.    But in the present case there is no proof that the testator ever admitted that he was bound to pay an additional sum to plaintiff for these extra services.   He said, upon several occasions, that they were very important and valuable, and that he felt very grateful for them.   But he never spoke of *paying* for them *as extra* services, or *admitted* that he was liable to pay anything.

Most of these extra services were of such a character that a Court of Justice would not enforce a contract for compensation. And as to the other portion of these alleged extra services, they were of a nature so nearly similar to the regular duties of the plaintiff, that an express contract to pay for them should have been proved, to enable the plaintiff to recover.

The language of the instruction may have been too broad, if found in a legal treatise upon the general subject of extra services; but, as applied to the peculiar circumstances of the case before the jury, the instruction was right.   The facts proved did not entitle the plaintiff to recover, and substantial justice seems to have been done.   The plaintiff was slow in urging his claim upon the testator in his lifetime, and we cannot disturb the verdict of the jury.

Judgment affirmed.