## MOFFAT *v.* CITY OF BROOKLYN.

*(City Court of Brooklyn, General Term.   May 28, 1888.)*

MASTER AND SERVANT—PERFORMANCE OF EXTRA SERVICES BY SERVANT—COMPENSATION.
Plaintiff was employed by the city of Brooklyn to perform certain services for the board of health.   Another employe having resigned, he, by direction of the board, performed such employe's duties in addition to his own.   Subsequently plaintiff, having received his regular salary, resigned, and brought suit for the extra services rendered.  *Held* that, before plaintiff could recover, he must establish that defendant agreed to pay him for such extra services, in addition to his regular salary; and, as he did not request the trial court to find such facts, he could not, on appeal, complain that no such findings were made.

Appeal from special term.

Action brought by Peter H. Moffat against the city of Brooklyn to recover for a salary alleged to be due him.   Trial before the court without a jury, and judgment rendered for defendant, and plaintiff appealed.

Argued before VAN WYCK and OSBORNE, JJ.

*Fisher & Voltz,* for appellant.   *Almet F. Jenks,* for respondent.

VAN WYCK, J.   It appears from the testimony that prior to March, 1886, plaintiff had been duly appointed an employe in the board of health of said city at the monthly salary of $100, and assigned to the duty of "inspecting plumbing work."   On March 1, 1886, J. J. Powers, who had been for some time a regular employe in said board of health at the monthly salary of $112.50, and assigned to the duty of "inspecting plans" of proposed work, resigned his position.   For the month of March, plaintiff performed his usual duty of inspecting the actual work, and also, by direction of the health commissioner, the duty of inspecting plans of proposed work, without a word being said to him with regard to any extra compensation.   At the end of March, plaintiff received his usual monthly salary of $100, and gave his receipt in full for all services rendered by him to the city for the month of March.   Plaintiff subsequently resigned his position in the city's employ, and then brought this action to recover $112.50, the amount Powers would have been entitled to recover if he had not resigned, and had performed the duty of "inspecting plans" of proposed work.

Before plaintiff can recover such sum of $112.50, he must at least establish that defendant employed him to perform the duty of "inspecting plans" of work, and agreed and promised to pay him therefor the monthly salary of $112.50, in addition to the monthly salary of $100 which he received for "inspecting" the actual work.   Plaintiff did not request the trial court to find these facts, and therefore cannot now be heard to complain that the court did not make such finding.   Even if the plaintiff had requested the court to make such finding, and the court had refused, which is the most favorable position from which the plaintiff could ask this court to consider his claim on appeal, then we could not hold that the trial court had erred in refusing to find such facts; for the evidence is ample to sustain the refusal.   In our judgment, defendant never agreed or promised to pay plaintiff a monthly salary of $112.50 for inspecting plans of work, in addition to the monthly salary of $100 for inspecting actual work.   Judgment must be affirmed, with costs.

OSBORNE, J., concurs.