HENRY A. BLAKE, Respondent, *v.* ISABELLA CORBETT, Appellant.

120  327
149  131

Defendant Crowley, being indebted to plaintiff upon certain promissory notes, defendant Corbett executed and delivered ·to plaintiff an instrument in writing, in these words: "For value received, I, Isabella Corbett, do hereby sell and assign the above-mentioned and described books to Henry A. Blake, his heirs and assigns, I to hold and retain possession of said books for eight months from this sale, and if, during that period, the sum of indebtedness to said Blake, now owing to him by Richard Crowley, is paid or satisfied, for the payment of which this assignment is made as security, then this conveyance shall be null and void." *Held*, that the instrument contained all the essentials of a chattel mortgage; and that, upon failure to pay as provided, an action in equity would lie for its foreclosure as such.

(Submitted April 17, 1890; decided May 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order

made December 27, 1887, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at circuit.

The nature of the action and the material facts are stated in the opinion.

*William J. Bulger* for appellant. For the force and effect of the written instrument the court must look to the paper itself and not beyond it. (Jones on Chat. Mort. §§ 9, 443, 444; *Fairbanks* v. *Bloomfield*, 2 Duer, 949; *Hover* v. *Keteltas*, 46 N. Y. 605–611; *Conway* v. *Alexander*, 7 Cranch, 218; *Scofield* v. *Whitelegge*, 49 N. Y. 259; *Sheridan* v. *Jackson*, 72 id. 170; *Tooker* v. *Arnoux*, 76 id. 397; *P. C. Co.* v. *Blake*, 85 id. 226; *Monnett* v. *Ibert*, 33 Barb. 24, 25.) The only action that could be maintained against Crowley was an action at law upon said notes. Corbett was not a party to them. The two causes of action cannot be joined in the same complaint. (Code, § 484; *Kelly* v. *Newman*, 62 How. Pr. 156; *Burroughs* v. *Tostevan*, 75 N. Y. 567.)

*Porter Norton* for respondent. The instrument executed by defendant constituted a lien and the action of foreclosure was the proper one under the facts of this case. (Jones on Chat. Mort. 1; Smith on Chat. Mort. 1; *Smith* v. *Beattie*, 31 N. Y. 542; 4 id. 497; *Parshall* v. *Egbert*, 54 id. 18, 23; 3 Pom. on Eq. Juris. §§ 1229, 1230; *McCaffrey* v. *Woodin*, 65 N. Y. 465; *R. C. Co.* v. *Blake*, 85 id. 226; *Bragelman* v. *Dane*, 69 id. 69; *Ostrander* v. *Weber*, 114 id. 95, 101; *Briggs* v. *Oliver*, 68 id. 336, 339; Code Civ. Pro. § 1737.) The possession of these notes in the plaintiff with apparent title, and the entire absence of any evidence on the part of the defendants, made out a *prima facie* case that no payments had been made of the same, and was sufficient to entitle plaintiff to recover in this action. (Abb. Trial Ev. 446, § 110; *Hauxhurst* v. *Ritch*, 28 N. Y. S. R. 675; *Bedell* v. *Carll*, 33 N. Y. 581; *Brown* v. *Penfield*, 24 How. Pr. 64; 36 N. Y. 473; 1 Daniels on Neg. Inst. 662.)

*Per Curiam.* This action was brought to foreclose a lien. The complaint, in substance, alleges that one Richard Crowley was indebted to the plaintiff in the sum of $5,396.42, upon three promissory notes; that on or about the 4th day of January, 1886, the defendant Corbett, in consideration of said indebtedness and for other good and sufficient consideration, executed and delivered to the plaintiff the following instrument: "For value received, I, Isabella Corbett, do hereby sell and assign the above-mentioned and described books to Henry A. Blake, his heirs and assigns, I to hold and retain possession of said books for eight months from this sale and if, during that period, the sum of indebtedness to said Blake, now owing to him by Richard Crowley is paid or satisfied, for the payment of which this assignment is made as security, then this conveyance shall be null and void." The complaint further alleged, in substance, that the defendant was left in possession of such property, that more than eight months had expired and that the indebtedness of Crowley to plaintiff had not been paid, except the sum of $1,155, which had been received and credited on his account; that payment had been duly demanded and that the property still remains in the possession of the defendant or Crowley, who had neglected and refused to deliver the same to the plaintiff; that Crowley had, or claims to have, some interest in the property or in the result of this action.

The answer of the defendant Corbett denies, upon information and belief, that Crowley was, at the time of the commencement of the action indebted to plaintiff as set forth in the complaint, and alleges, upon information and belief, that the sum of Crowley's indebtedness to the plaintiff had been paid.

Crowley had been joined with the defendant Corbett as a defendant in this action. Upon the trial a nonsuit was granted as to him, but upon appeal that judgment was reversed and a new trial granted. As to the defendant Corbett the trial proceeded, resulting in a judgment for the foreclosure of such lien, and for a sale of the property and that the proceeds of

such sale be applied to the payment of the indebtedness of Crowley to the plaintiff. From the affirmance of this judgment in the General Term the defendant Corbett appealed to this court. Exceptions were taken to the findings of facts made by the trial court. These findings follow the allegations of facts alleged in the complaint, and, inasmuch as they are not denied by the answer, they must, so far as the defendant Corbett is concerned, be deemed to be admitted, and consequently the exceptions were unavailable upon this review. It is also contended that the General Term erred in reversing the judgment of nonsuit as to the defendant Crowley, but, inasmuch as he has not appealed, that question cannot now be reviewed. The rights of the defendant Corbett are not changed or affected by that judgment.

The only question left for our consideration is as to the character of the instrument upon which the plaintiff seeks to establish his lien. He claiming that it is a chattel mortgage, the defendant claiming that it is not. It is true that it is not in the form in which chattel mortgages are usually drawn. It does not state the sum of money for which it is given as a security, but it does state that it is given for the indebtedness to Blake *now owing* to him by Crowley. That indebtedness was specific and then owing, as appears from the promissory notes introduced in evidence upon the trial. Corbett does not promise to pay a debt or become liable therefor, but the instrument is executed and delivered as a security for such payment by Crowley. It does not in express terms state that the plaintiff shall have the right to take the possession of the goods, but it is an absolute sale of them to him, the defendant Corbett retaining the possession for the period of eight months after which the right of the plaintiff to take possession must be understood and implied from the terms of the instrument.

It appears to us that all of the essentials constituting a chattel mortgage are here to be found.

Jones, in his work on Chattel Mortgages (p. 1), defines a mortgage of personal property to be "A conditional sale of it as security for the payment of a debt or the performance of

some other obligation.    The condition is that the sale shall be void upon the performance of the condition named.    If the condition be not performed according to its terms the thing mortgaged is irredeemable at law, though there may be a redemption in equity or by the force of statute.    Such a mortgage is something more than a mere security..    It is a conditional sale of chattels and operates to transfer the legal title to the mortgagee, to be defeated only by a full performance of the condition.    Upon breach of the condition the mortgagee may take possession of the property and so far as the legal rights of the parties are concerned he may thenceforth treat it as his own."    Again, on page 2, he says: "Any words which serve to transfer the property as security for a debt or obligation of any kind, are sufficient to constitute an informal mortgage, which will still be a mortgage at law whatever language may be used; if it is shown that the parties intended a sale of chattels as security, the instrument will be construed to be a mortgage."

In the case of *Smith* v. *Beattie* (31 N. Y. 542), it was held that a bill of sale absolute upon its face, transferring property to be held as security for the payment of a debt due the vendee, is, in character and effect, a mortgage, and is to be treated as such.

In the case of *Parshall* v. *Eggert* (54 N. Y. 18–23), a chattel mortgage was defined to be a present transfer of the title of the property mortgaged, subject to be defeated on payment of the sum or instrument it is given to secure, and in default of performance by the mortgagor of the condition the title of the mortgagee becomes absolute.    (*McCaffrey* v. *Woodin*, 65 N. Y. 465 ; *Bragelman* v. *Daue*, 69 id. 69.)

If, as we have seen, the instrument was in effect a chattel mortgage, an action in equity would lie for a foreclosure. (Code Civ. Pro. § 1737 ; *Briggs* v. *Oliver*, 68 N. Y. 336.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.