### FIDELITY LOAN ASS'N v. CONNOLLY.

(Supreme Court, Appellate Term. February 23, 1905.)

1. CHATTEL MORTGAGES—DEFAULT—REPLEVIN.
    In case of an ordinary chattel mortgage to secure a loan, the mortgagee may, after default, maintain replevin for the articles.
    .[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Chattel Mortgages, §§ 293, 310.]

2. MUNICIPAL COURT—JURISDICTION.
    Laws 1902, p. 1533, c. 580, § 139, forbidding actions in the Municipal Court, in case of a contract of conditional sale, a hiring of personal property, or chattel mortgage to secure the purchase price of chattels, does not deprive the Municipal Court of jurisdiction in the case of a chattel mortgage to secure a loan.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Fidelity Loan Association against Bernard J. Connolly. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Jacob Stiefel, for appellant.
Aaron Morris, for respondent.

SCOTT, J. It is well settled in this state that after default the mortgagor in a chattel mortgage has no further interest in, or title to or right of possession of, the mortgaged property. Leadbetter v. Leadbetter, 125 N. Y. 290, 294, 26 N. E. 265, 21 Am. St. Rep. 738. He becomes merely the bailee of the mortgagee, and replevin is the appropriate remedy. Section 139 of the municipal court act (Laws 1902, p. 1533, c. 580) forbids such an action only in case of a contract of conditional sale of personal property, a hiring of personal property when title is not to vest in the person hiring until the payment of a certain sum, or a chattel mortgage made to secure the purchase price of chattels. The present action does not arise upon any of the contracts specified in this section. It is the ordinary case of a chattel mortgage to secure a loan.

Judgment reversed and new trial granted, with costs to appellant to abide the event. All concur.