### FIDELITY LOAN ASS'N v. CONNOLLY.

(Supreme Court, Appellate Term. October 27, 1905.)

1. CHATTEL MORTGAGES—RECOVERY OF POSSESSION BY MORTGAGEE.

Municipal Court Act, Laws 1902, p. 1533, c. 580, § 139, forbidding actions of replevin in the Municipal Court in case of a contract of conditional sale of personal property, a hiring of personal property when title is not to vest in the person hiring until the payment of a certain sum, or a chattel mortgage made to secure the purchase price of chattels, does not prevent an action of replevin in case of a chattel mortgage to secure a loan.

2. USURY—RATE AND AMOUNT OF INTEREST.

Under Laws 1895, p. 165, c. 326, entitling a lender to charge and retain by way of discount interest at the rate of 3 per cent. per month for the first two months and 2 per cent. per month for each succeeding month of the period, and also allowing a charge of the sum of $3 for the examination of the property mortgaged and drawing the papers, a loan for $175 to run for three months, from which amount the lender retained $17, was not usurious.

3. SAME—CLAIMING MORE THAN IS DUE.

Erroneously claiming more than is due does not constitute usury.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Usury, §§ 23, 24.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Replevin by Fidelity Loan Association against Bernard J. Connolly to recover mortgaged goods. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Jacob Stiefel, for appellant.
Thomas R. Lane, for respondent.

SCOTT, P. J.　When this cause was before this court on a former appeal, it was held that the plaintiff might maintain replevin to recover the mortgaged goods, and was not limited to an action to foreclose its lien under the provisions of section 139, c. 580, p. 1533, Laws 1902.　92 N. Y. Supp. 252.　The case to which respondent now calls our attention (Blake v. Corbett, 120 N. Y. 327, 24 N. E. 477) is not to the contrary, merely holding that an action in equity will also lie to foreclose a chattel mortgage.

The defendant pleads usury, but his plea is not sustained by the evidence.　The loan was for $175, and was made on November 30, 1901, to run for three months, or until March 2, 1902.　As the statute then stood (chapter 326, p. 165, Laws 1895) the plaintiff was entitled to charge and retain by way of discount interest at the rate of 3 per cent. per month for the first two months, and 2 per cent. per month for each succeeding month, of the period during which the loan was to run.　It was also allowed to charge the sum of $3 for an examination of the property and drawing the papers.　These charges in the case of the loan under examination amounted to $17, which plaintiff deducted from the amount of the loan, as the statute authorized it to do, giving the defendant $158 net.　As this transaction was strictly within the terms of the statute, it was not usurious.　There therefore became due from defendant on March 2, 1902, the sum of $175.　The defendant asked for an extension of the loan, which was consented to for two months.　In point of fact, however, defendant never repaid or offered to repay the loan, and at length demand was made upon him, and this action was begun on September 7, 1904.　There was due from him at the commencement of the action $175, the original loan, and 2 per cent. per month from March 2, 1902.

It is true that in the replevin petition the plaintiff erroneously claims that there is due $286.50, whereas in fact the amount due is only $270. This is evidently a miscalculation, however, owing to the period being taken as 2 years and 8 months, instead of 2 years and 6 months.　Erroneously claiming more than is due is not, however, usury.　The defendant has now had two opportunities to defeat plaintiff's claim, and although on each occasion he has recovered a judgment in the court below, and in the present case was permitted to amend his answer at will during the course of the trial, he has been unable to present a valid defense.

The judgment will therefore be reversed, with costs to the appellant, and a new trial granted.　All concur.