[No. 5158.]
[No. 2756 C. A.]

## JEROME V. WOOD.

**Master and Servant—Domestic Servant—Extra Services—Contracts.**

Plaintiff entered defendant's service as a domestic in July, 1900, at a stipulated amount per month, knowing at the time that such service would include certain attention to defendant's wife, who was an invalid. In September following, a change of treatment was prescribed which increased the service, and shortly thereafter defendant raised plaintiff's wages three dollars per month. Plaintiff was paid the above wages at the end of each month, and continued in service until February, 1901, at which time a settlement was made, and she was paid the amount found to be due at the above rates. At no time during the employment and not until February, 1902, did plaintiff demand any further compensation for alleged extra services, although meeting defendant several times after leaving his employment. Upon the trial of this action for extra compensation, plaintiff testified that, after her work had been increased, she complained to defendant of such fact and told him that she intended to leave, and that he replied that if she would remain he would "make it all right" or "that he would do well by me, or something to that effect." Held, that plaintiff's testimony did not bring her case within the rule that an employee who seeks to recover extra compensation for services rendered, which were within the sphere of her employment, must overcome the presumption of law, that such services were paid for by her wages, by proof of an express agreement to pay therefor.—P. 200.

*Appeal from the County Court of Arapahoe County.*
*Hon. Albert S. Frost, Judge.*

Action by Sarah Wood against Frank Jerome. From a county court judgment rendered in favor of plaintiff on an appeal from a justice of the peace, defendant appeals.      *Reversed.*

Mr. T. H. HOOD, for appellant.

Mr. J. R. ALLPHIN, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This case having originated in a justice court, the issues must be found in the evidence.

From a judgment of the county court in favor of plaintiff below—appellee here—is this appeal.

The facts are: In July, 1900, plaintiff entered the service of defendant as a domestic servant. Defendant's wife was at that time, and for years had been, an invalid. At the time plaintiff entered the service of defendant she knew the condition of defendant's wife, and that she would be required to render such services to defendant's wife as might be necessary in addition to her services as a domestic servant. At the time of the employment twenty dollars per month were the wages agreed upon. About September 1, 1900, a change in the treatment prescribed by the doctor in attendance upon defendant's wife increased the services plaintiff rendered defendant's wife thereafter. About this time plaintiff's wages were raised to twenty-three dollars per month. Plaintiff continued in the service until February 22, 1901. At the end of each and every month plaintiff was paid her wages at the above rates, and on February 21, upon a settlement had between plaintiff and defendant, plaintiff was paid the amount found to be due at that date. At no time during the employment and not until February, 1902, a year thereafter, did plaintiff demand of defendant extra compensation for the extra services claimed to have been rendered, although plaintiff met defendant a number of times after she had left his employ. The above facts are undisputed.

Plaintiff testified that after the treatment had been changed and her work increased thereby, in September, 1901, and subsequent thereto, she com-

plained to defendant that her work had been increased and that she intended to leave her position, to which defendant replied, that if she would remain he would "make it all right," "that he would do well by me, or something to that effect."

The defendant denied having agreed to pay plaintiff extra compensation, denied the above conversations or anything approaching thereto, and testified that plaintiff never at any time complained to him about the position being a hard one.

To sustain the judgment counsel for appellee relies upon two propositions:

1.    "All services rendered by an employee during the period for which he is employed of a nature similar to his regular duties, are presumed to be paid for by his salary, and to recover extra pay the servant must overcome this presumption by showing an express agreement therefor."—20 Am. & Eng. Enc. Law (2d ed.) 19; Wood's Master and Servant (2d ed.), § 86.

2.    "A servant employed for a term in a particular service has a right to compensation for services rendered on request outside of the sphere of his employment, although there is no express agreement to pay therefor."—20 Am. & Eng. Enc. Law (2d ed.) 19; Wood's Master and Servant, §§ 86 and 89.

Under the undisputed testimony we think this case falls within the first principle stated, as the appellee testified that at the time of her employment she knew the invalid condition of appellant's wife, and that she knew she would be required to do whatever the wife's necessities might demand. Otherwise stated, according to her own testimony she was employed as a domestic servant and as an attendant upon the wife to the extent of the necessities of the case, and her testimony shows conclusively that she

rendered no services which were outside of the sphere of such employment.

The question remains, Did appellee's testimony bring her case within the rule that an employee who seeks to recover extra compensation for services rendered, which were within the sphere of her employment, must overcome the presumption of law, that such services were paid for by her wages, by proof of an express agreement to pay therefor? We do not think so.

The testimony shows that at or about the time the services were increased, the wages were increased; that appellee remained in the employment of appellant six months at the increased wages, making no demand during this time for increased pay, settling at the close of the employment without making such demand, and not until a year thereafter was such demand made.

In view of all the facts in this case, appellee's testimony was entirely too vague and indefinite to establish an express agreement upon the part of appellant to pay extra wages. In cases of this character the promise to pay extra compensation must be definite, certain and explicit. Appellee continued in appellant's employ, receiving the wages that had been agreed upon, without demand for extra wages. These services were not performed by appellee under a new agreement express in its terms by which she was to receive increased wages, for the services which she rendered were within the scope of her employment.

In *Voorhees v. Executors, etc.*, 33 N. J. Law 494, it is said:

"Upon the mere ground that she performed additional services, rendered necessary by the illness of the testator, no legal claim to additional remuneration arises.

"The plaintiff made her contract of service with reference to this affliction of the deceased, and the increase of labor incident to it.

"She had no right to suppose that the family, in which she was to serve, would be exempt from the ills of life, and having made no provision in her contract for added compensation in the event of sickness, she is fully paid by the stipulated price. The presumption of law is, that for all services rendered by her to her employer, which are in the line of her regular duties, or of a similar nature, whether ordinary or extraordinary, she is satisfied by the payment of her fixed salary. The object of an express contract is to guard the parties against uncertainty as to its terms, or exaction in its performance. But an express contract will furnish slender protection indeed to the master, if for every additional or extra service he may be subjected to the payment of such sum as a jury may award. Such a rule would give the servant a valid claim for increased pay whenever the master entertained an unexpected guest, and enable the clerk, at a fixed salary, to demand an increase of wages with every increase of the merchant's business. No reason can be perceived why the master might not, with equal propriety, upon the mere diminution of the servants' labor, reduce the remuneration.

"If the question be one of doubt, the right to extra compensation should rest only upon an express agreement. Any other rule of law would introduce dangerous uncertainty and instability into all contracts of service. Even the domestic in your household would charge you with a judgment for compensation for extra service, if some further work were required of her than the mistress thought to mention at the hiring."—*Mathison v. Railroad Co.*, 76 N. Y. Supp. 89.

Other cases to the same effect are:—*Murray v. Griffiths & Son,* 95 N. Y. Supp. 576; *MacIntosh v. Kimball,* 101 App. Div. N. Y. 494; *Cany v. Hall,* 9 Cal. 198.

This is not a case of conflict in the evidence, but it is a failure upon the part of appellee to prove a fact essential to a recovery, to wit, an express agreement to pay the extra compensation sued for.

A motion of appellant to direct a verdict at the close of the testimony was overruled. This was error, for which the judgment must be reversed.

*Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.