(83 Misc. Rep. 30.)

LIPSCHER v. EBLING BREWING CO.

(Supreme Court, Appellate Term, First Department.   December 4, 1913.)

1. ACCORD AND SATISFACTION (§ 2*) — COMPROMISE AND SETTLEMENT (§ 3*) — WHAT CONSTITUTES.
  Where a settlement of disputed accounts, had between plaintiff and defendant, did not include the item in suit, there was no accord and satisfaction as to it.

  [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 14-21, 33; Dec. Dig. § 2;* Compromise and Settlement, Cent. Dig. §§ 5, 6; Dec. Dig. § 3.*]

2. CONTRACTS (§ 173*)—OFFER—CONSTRUCTION.
  A brewing company wrote a saloon keeper that it would cancel his note for $150 in case he sold its products exclusively. The letter further declared that, upon the erection of a side storm door at his place of business, the brewing company would advance $100 upon the saloon keeper's note, which would be canceled at the expiration of two years, provided he

continued to use its products exclusively, in which event it would advance $150 additional on the same conditions as above. *Held* that, to entitle the saloon keeper to the second advance of $150, he must have used the brewing company's products exclusively for a period of two years from the date of the letter, and a demand therefor after one year's use was ineffective.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 762–764; Dec. Dig. § 173.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Charles Lipscher against the Ebling Brewing Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Eugene Cohn and Julius Levy, both of New York City, for appellant.

John A. Bolles, of New York City, for respondent.

GUY, J. Defendant appeals from a judgment in favor of plaintiff, entered by direction of the court acting without a jury. This appeal involves solely the construction of an agreement entered into between plaintiff and defendant, which was embodied in a letter written by defendant to plaintiff, dated May 24, 1910, which reads as follows:

"We herewith confirm to you that, on the express condition that you use and sell exclusively and pay therefor promptly the beer, ales, and porter brewed by the Ebling Brewing Company for the term of one year from date in the saloon premises now occupied by you at 1321 Amsterdam avenue, borough of Manhattan, city of New York, we will cancel the note for $150 today issued to our order by yourself and wife; otherwise, said note to remain in full force and effect.

"We further confirm to you that upon the erection of a side storm door at your place of business we will advance payment of the same to the extent of one hundred ($100) dollars, for which amount you will issue a note to our order, said note to be canceled by us at the expiration of two years from date hereof, provided during the entire term of said two years you use and sell exclusively and pay therefor promptly the beer, ales, and porter brewed by this company, in which event we will advance additionally $150 on the same conditions as above; otherwise, said note to remain in full force and effect."

The first loan of $150 provided for in the agreement was made, and the note given in consideration thereof on May 24, 1910, was duly canceled in May, 1911. It is conceded that plaintiff never built the storm door provided for, and that part of the agreement is therefore inoperative.

[1] As to the additional loan of $150 provided for in the latter part of the agreement, plaintiff testifies that in May, 1911, he demanded said additional loan, and was then ready to make and deliver his note therefor, as provided in the agreement, but that the loan was never made. It appears that the parties continued their dealings and that plaintiff continued to use defendant's goods exclusively down to July, 1912, more than two years continuously following the date of the agreement, May 24, 1910. In July, 1912, dealings between the parties ceased, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

there was a subsequent accounting and settlement in full by the giving of a check by plaintiff to defendant. A dispute arose over the item of sale of goods and payment therefor, but the subsequent settlement between the parties did not relate in any wise to the question of the additional loan of $150, so that there was no accord and satisfaction which could be set up by defendant in this action.

[2] The sole issue involved herein, therefore, is whether the agreement to furnish an additional loan of $150, as set forth in defendant's letter of May 24, 1910, was an agreement to make such loan at the termination of one year, or after a continued use by plaintiff of defendant's goods, and prompt payment therefor, for a period of two years from May 24, 1910, the date of the contract. I think the latter construction of the agreement is unquestionably correct. The agreement to make the additional loan of $150 was predicated upon the happening of a future event, which was specifically set forth in the second paragraph of the letter, in connection with the advance payment for the storm door. The language of the agreement is:

"We will advance payment of the same [storm door] to the extent of $100, for which amount you will issue a note to our order, said note to be canceled by us at the expiration of two years from date hereof, *provided during the entire term of said two years you use and sell exclusively, and pay therefor promptly, the beer, ales, and porter brewed by this company, in which event*"—viz., the two years' continued and exclusive use of defendant's goods and payment therefor—"we will advance additionally $150 on the same conditions as above."

The only question of doubt which could arise in the construction of this part of the agreement would be whether the words "on the same conditions as above" mean the continued and exclusive use of defendant's goods by plaintiff for one year after the making of the additional loan. I am of opinion that it means the term of one year's continued use after the making of the loan, as provided for in connection with the first loan; but that question is immaterial to this controversy. It was clearly the intent of the parties that no additional loan of $150 should be made until plaintiff continued to use and sell exclusively defendant's goods for a period of two years from May 24, 1910. The demand for the additional loan, which plaintiff testifies as having been made in May, 1911, was therefore premature and of no force and effect. Under the terms of the agreement, plaintiff would have been entitled to demand the additional loan on May 24, 1912; but no such demand was made. Had the demand been made on May 24, 1912, or thereafter before July, 1912, plaintiff would have been entitled to the loan upon giving his promissory note therefor; but the evidence establishes exclusively that plaintiff did not continue the sale of defendant's goods for one year subsequent to May 24, 1912, so that, had he obtained the loan and given his note therefor, the note would, after July, 1912, when plaintiff ceased to sell defendant's goods, have been payable on demand to defendant, and no right of retention of the amount represented by said note would have vested in the plaintiff.

The plaintiff has failed to establish a cause of action, and the judgment must therefore be reversed, with costs, and the complaint dismissed, with costs. All concur.