## In re FRIEND et al.

## Appeal of GORDON et al.

(Circuit Court of Appeals, Second Circuit.   December 14, 1921.)

## No. 69.

1. **Bankruptcy ⊙⊐440—Order denying petition for delivery of goods and accounts reviewable by appeal, and not by petition to revise.**

An order of the bankruptcy court, denying a petition for the return of goods on which the petitioner claimed a lien, and the delivery of accounts and commercial paper arising from sales of other similar goods, was reviewable by appeal, and not by petition to revise.

2. **Bankruptcy ⊙⊐188(2)—Immaterial that contract under which petitioner claimed lien is with only part of members of firm.**

Where property passing into the possession of the bankruptcy court on the bankruptcy of W. B. F. & Co., a firm consisting of two men and two women, was claimed by vendors under a contract attempting to give a lien, it was immaterial that the contract was with the two men, individually and as partners under the firm name of W. B. F. & Co.; the sale being to, and the agreement with, the firm now in bankruptcy.

3. **Sales ⊙⊐313—Agreement that vendor should have lien on goods and proceeds in hands of vendee held contrary to statute.**

An agreement between an unpaid vendor, who still had possession of the goods sold, and the vendees, providing that the vendor had a valid and subsisting lien on the goods, that the goods should be consigned to the vendees for sale by them, and that the lien should apply to the proceeds of sales and cover all moneys, accounts, or commercial paper received as the result of sales, when unrecorded, was invalid, under Personal Property Law N. Y. § 134, giving the unpaid seller a right to retain goods for the price while he is in possession, and section 137, declaring that the unpaid seller loses his lien when the buyer or his agent lawfully obtains possession of the goods.

Appeal from and Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Henry Friend and others, doing business as W. B. Friend & Co., bankrupts. From an order denying their petition for the delivery to them of goods and accounts, Maurice Gordon and others appeal and file a petition to revise.  Petition dismissed, and order affirmed.

Prior to October, 1920, the appellant partnership (Gordon & Cohen) sold to the bankrupts in the city of New York a quantity of velveteen.  It was not paid for, and vendors sued for the purchase price.  In said October this suit was compromised and discontinued, in pursuance of a written agreement made between the bankrupt firm and the vendors, appellants Gordon & Cohen. This agreement recites that at its date the velveteens are in the possession of the appellant vendors and are "held by them under their lien as unpaid sellers of said velveteen."  It nowhere positively appears how or why the vendors retained possession of that which they had sold.

Said agreement continues with an acknowledgment by the bankrupts that they are "now indebted" to the vendors in the price of the goods.  They agree to give (and gave) to the vendors certain promissory notes maturing at divers times, which in the aggregate made up the amount of indebtedness; i. e., the price of the goods.  The writing continues by acknowledging that the vendors appellants "now have possession" of the goods, and that said vendors "have a

valid and subsisting lien" thereupon to the extent of the said purchase price; i. e., the aggregate of the said promissory notes. It is then agreed that the vendors "shall intrust" the said velveteens to the now bankrupt firm, but that such delivery shall not "mitigate or minimize or affect the said lien of the [vendors appellants] on or against said velveteens."

The next paragraph of this written agreement declares that said velveteens shall "subject to the said lien * * * be consigned" to the now bankrupt firm "for sale by them, and the said lien on and against said velveteens shall continue and shall extend to and apply to the proceeds of sale" of the same. In the next paragraph of the agreement the bankrupt firm agrees to "receive and hold the said velveteens for the account of (vendors-appellant) and always subject to the said lien," which lien shall also cover all moneys, accounts, or commercial paper received as the result of the sale by the bankrupt firm of said velveteens. The agreement concludes with a proviso that, if default is made in payment of any of the promissory notes given, the vendors may enter any place where the velveteens or any commercial paper of the above-described kind are kept and "may remove [the same] and again take possession" without legal proceeding.

Some three months after the execution of this written contract and the consequent delivery of the velveteens to the bankrupts, the latter did default in respect of one of the promissory notes above mentioned, and thereupon made a general assignment to creditors, which was promptly followed by a petition in bankruptcy. During this three months some of the velveteens had been sold either on open account or against commercial paper, but a large quantity of the goods passed into the possession of the bankruptcy court, as did also the accounts, etc., last above referred to.

Thereupon Gordon & Cohen petitioned in the District Court for a return of the goods and delivery of the account, etc., arising from such sales as had been made thereof by the bankrupts, basing their demand wholly upon the contract above outlined. The firm in bankruptcy consists of four persons, all named Friend, two men and two women; this written contract was made with the two men "individually and as partners under the firm name of W. B. Friend & Co."

The District Court refused the petition, and the vendors thereupon took this appeal and petition to revise.

A. A. Silberberg, of New York City, for appellant and petitioner.
David W. Kahn, of New York City, for respondent.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The question presented is raised both by an appeal and a petition to revise. But the matter before the District Court was in effect an assertion by the vendors of a right to property in the possession of the court's representative in the bankruptcy; it was an endeavor by a third party to take something away from the estate in bankruptcy. Consequently the appeal taken is proper under In re Prudential, etc., Co. (C. C. A.) 270 Fed. 469, and the petition to revise is not proper.

[2] The fact that in the written agreement above recited but two Friends are named as the partners constituting the firm is quite immaterial. It is admitted that in ordinary parlance the bankrupt firm is the same firm as made agreement with the appellants; non constat but that the two women were subsequently admitted; but, even if that be not true, the sale was to a firm, and the agreement was with a firm, and that firm is now the bankrupt firm.

[3] All the transactions above referred to took place in New York, and it summarily states the difficulty in appellant's position to say that

the entire contract upon which appellant relies is a wholly unsuccess-ful attempt to evade sections 134–137 of the Personal Property Law (Consol. Laws, c. 41) of this state. Statute in effect September 1, 1911 (Laws 1911, c. 571).

By section 134 the unpaid seller of goods has the "right to retain them for the price while he is in possession of them." This is the vendor's lien which appellants exercised and to which they had good right. But section 137 declares that the "unpaid seller of goods loses his lien thereon * * * (b) when the buyer or his agent lawfully obtains possession of the goods."

Nowhere in this record is it asserted that at any of the times mentioned the vendors appellants had title to the goods or owned the goods. They rest upon the proposition that their vendor's lien was by specific agreement kept alive and permitted to affect, not only the goods themselves while in possession of the bankrupt vendees, but the proceeds of those goods as far as such proceeds can be traced.

There was no record made of this agreement. It is a rather naïve instance of an attempted secret lien. There is no secrecy about a vendor's lien when he is in possession of that upon which the lien exists; and possession is sometimes a very technical word. But here there is no pretense of possession, and it is of the essence of appellant's position that, although the buyer lawfully obtained possession of the goods, yet nevertheless by secret agreement between vendors and vendee the lien was continued, and continued by this secret agreement.

This is flying in the face of the act; it is the sort of thing the statute is designed to prevent, and in so doing the act is in accord with the spirit of nearly all modern legislation. No multiplication of words can disguise the repugnancy of this transaction to the statute.

The petition to revise is dismissed, without costs, and the order appealed from is affirmed, with costs.