## In re ULROP-HUFF CO., Inc.

(District Court, W. D. New York. January 9, 1925.)

No. 9056.

1. Chattel mortgages ⊚⇒6—"Chattel mortgage" defined.

A mortgage on personal property is a conditional sale of chattels, by which legal title thereto is transferred to the mortgagee, to be defeated only by complete performance of the condition; it being sufficient that parties intended a sale of the chattels as security.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chattel Mortgage.]

2. Fraudulent conveyances ⊚⇒139—Sale reinvesting seller with title to goods remaining in buyer's possession prima facie fraudulent as against creditors.

Assuming that arrangement whereby title to goods previously delivered to buyer and to remain in his possession was to vest in the seller until goods were paid for was equivalent to a bill of sale, and reinvested seller with title, such a sale would be prima facie fraudulent as against creditors under the common law.

3. Chattel mortgages ⊚⇒6, 196—Transaction whereby seller reinvested with title to goods held a chattel mortgage; mortgage held void as against creditors.

Where, after goods were delivered to buyer, it was arranged that seller was to be reinvested with title to goods until fully paid, possession

continuing in buyer, *held*, that transaction became a chattel mortgage, and being unaccompanied by immediate delivery and change of possession, and not having been filed as required by Lien Law N. Y. § 230, it was void as against creditors.

**4. Sales ⊚⇒459 — Warehousemen ⊚⇒10 — Reinvesting of title to goods in seller, possession continuing in buyer, not conditional sale or warehousing.**

Arrangement whereby title to goods sold was to be reinvested in seller until goods were fully paid for, possession continuing in buyer, did not constitute a conditional sale of goods or a warehousing, where goods were not specially set aside or marked.

In Bankruptcy. In the matter of the Ulrop-Huff Company, Inc., bankrupt; Whitehouse, Davis & Co., claimant. On exceptions to the report of the referee. Decision of referee reversed.

Order affirmed 9 F.(2d) 924.

Averill & Tompkins, of Rochester, N. Y. (William H. Tompkins, of Rochester, N. Y., of counsel), for claimant.

Isaac Adler, of Rochester, N. Y., for trustee.

HAZEL, District Judge. The facts, which are not disputed, show that the claimant, Whitehouse, Davis & Co., Inc., sold and delivered 250 bags of nuts, valued at $2,000, to one Ulrop, to be paid for by him on September 6th, 30 days after sale. Thereafter Ulrop sold to the Ulrop-Huff Company, Inc., bankrupt, which assumed the payment of the nuts. Later the bankrupt suggested securing the vendor in lieu of meeting its payment. It was then agreed that the title should vest in the vendor until the nuts were fully paid for, and none used or sold until released by the latter. Possession of the nuts continued in the bankrupt.

The referee found that the title of the merchandise was in claimant, that it did not appear that there were any creditors that the bankrupt had at the time of entering into the new arrangement, or that it was insolvent. Nothing was done to separate the nuts from other property in the possession of the bankrupt. They were kept in the cellar of the bankrupt, but were not tagged, nor had they been delivered back to the claimant, and no bill of sale or chattel mortgage was executed.

It is the contention of the trustee in bankruptcy that the arrangement following the sale was tantamount to a chattel mortgage to secure the original indebtedness, and, not having been filed as required by the state law, was void as against creditors. Conced-

edly the sale of the merchandise at the beginning was absolute. The effect of the new arrangement was evidently to secure the vendor for payment of the purchase price, and, in my opinion, an informal chattel mortgage eventuated.

[1] A mortgage on personal property is defined to be a conditional sale of chattels, by which the legal title thereto is transferred to the mortgagee, to be defeated only by complete performance of the condition, and it suffices, in my opinion, that the parties intended a sale of the chattels as security. Blake v. Corbett, 120 N. Y. 327, 24 N. E. 477.

In Re Friend, 278 F. 153, 47 Am. Bankr. Rep. 511, the Circuit Court of Appeals for this circuit had before it a case which seems to me to be analogous in principle. There the merchandise had been sold to the bankrupt, who was in possession thereof. Later suit was brought to recover the purchase price, which was subsequently compromised, in pursuance of a written agreement which stated that the goods were in possession of the vendor and held by them under a lien as unpaid sellers of the goods; that under the agreement the vendees were "intrusted" with the goods, but that the delivery was not in any way to affect the subsisting lien. The agreement also recited that the goods were consigned to the bankrupt firm for sale by them. The court declared the agreement to be a "wholly unsuccessful attempt to evade sections 134–137 of the Personal Property Law of this state [Consol. Laws N. Y. c. 41]."

[2] In this case the arrangement was that the vendors were to be reinvested with the title, but I nevertheless think that the provisions of section 230 of the Lien Law of the state (Consol. Laws N. Y. c. 33), providing that a mortgage of goods and chattels, unaccompanied by immediate delivery and change of possession of the merchandise mortgaged, is void as against creditors, must control the disposition of the question under consideration. The claim that the transaction was equivalent to a bill of sale and reinvested the vendor with title is not believed maintainable. Even if it were, it is doubtful if the seller could retain possession of the goods in the manner contemplated as against creditors. Such a sale would be prima facie fraudulent as against creditors under the common law. Sturtevant v. Ballard, 9 Johns. (N. Y.) 337, 6 Am. Dec. 281; Stimson v. Wrigley, 86 N. Y. 332, 336.

[3, 4] It is also contended by the trustee that in any event the sale was in bulk, and

therefore void under section 44 of the Personal Property Law, which provides that a sale of any part or the whole of a stock of merchandise, not in the ordinary course of business, shall be void as against creditors of the seller, unless an inventory is made as required by law. The asserted sale back to the vendor, or reinvesting of title in it, was not in the ordinary course of business. The transaction covered a part of the stock, and continued in the possession of the bankrupt. The referee found that no evidence of insolvency was given, although it appears that the bankrupt company was financially unable to pay the debt as required by the original arrangement.

However, this question need not be decided, since in my view the transaction became a chattel mortgage, without the usual formality; its effect, however, being to secure the debt without delivery of the goods and without filing. It is therefore void as against creditors. The claimant contends, also, that the new contract amounted to a conditional sale of the goods or warehousing, and accordingly the arrangement was valid; but since the goods were not specially set aside or marked, to show that title had been reinvested in the vendor, this contention cannot be sustained.

The decision of the referee is reversed.