GUSTAVE A. HETT, Respondent, *v.* BARTY AXLE CORPORATION, Appellant.

Fourth Department, April 30, 1930.

*James S. Styron,* for the appellant.

*Clifford H. Searl,* for the respondent.

EDGCOMB, J. On November 18, 1922, plaintiff entered the employ of the defendant as its master mechanic, at a salary of fifty dollars per week in cash, and a like amount payable in stock of the company. Defendant, at the time, was engaged in perfecting an interlocking differential for an automobile. For the purpose of demonstrating the same, and to aid defendant in the sale of its capital stock, defendant requested that this device be installed upon plaintiff's automobile. Thereafter plaintiff spent a large portion of his time in driving his car to New York, Plattsburg and wherever it was thought that prospective purchasers of the stock might be found.

Plaintiff sues to recover his traveling expenses on such trips, including gas and oil, repairs to his car, and a reasonable amount for the use of his automobile for fifty-eight weeks. He has been awarded a judgment for substantially all that he asked.

When plaintiff was first hired it was not contemplated that he should use his car in his employment. As master mechanic he had nothing to do with the sale of defendant's stock. The parties differ as to just what was said at the time respondent was asked to use his automobile for demonstration purposes. Plaintiff having recovered, we must accept his version of the transaction. There is evidence which would justify the court in finding that defendant expressly promised to pay plaintiff's expenses upon the various trips taken by him, and all reasonable repairs to his car. To the extent of such items, we think that the finding of the court below should be sustained. We have reached a contrary conclusion as to the balance of the judgment.

We have searched the record in vain for any evidence of an express agreement on the part of the defendant to pay for the use of plaintiff's car. Respondent was repeatedly asked for the various conversations which he had with defendant's president, with whom he had all his dealings, and while plaintiff testified that defendant promised to reimburse him for all repairs to his car, and for the cost of installing this device, and for his traveling expenses, nowhere does he suggest that compensation for the use of his automobile was mentioned. On cross-examination he testified that nothing was said about paying him for anything, except his " salary, expenses, and car expenses."

In fact it is very apparent from the conduct of both parties that neither ever contemplated that Mr. Hett should be paid for the use of his car. Plaintiff never billed the defendant for such use, although he presented numerous bills for his traveling expenses, and was paid his salary with reasonable regularity each week. He never mentioned the subject or suggested to the defendant that he

was entitled to be reimbursed for the use of his automobile until the service of the complaint in this action, fourteen months after he claims this alleged agreement was made. No explanation, satisfactory or otherwise, is forthcoming as to why plaintiff was willing to allow this matter to go unheeded and forgotten until it had grown into a very substantial sum. He left defendant's employ in January, 1923, and at that time demanded the money which was coming to him. He was contemplating going to Detroit, and needed his money. He accepted $132, which he was told was his unpaid salary, and gave a receipt therefor, but said nothing about this item of $1,160, which he now claims is due him. It is inconceivable that he could have overlooked so large a credit. He was then breaking off all relations with the defendant. He was asking for a settlement of what was coming to him. Then was the time for him to speak, and call attention to this item, if in fact it was owed him. His silence is unexplained, and is incompatible with his present claim.

It is urged, however, that an explicit promise is unnecessary, and that an implied agreement on the part of the defendant to pay for the use of plaintiff's car while it was being used for demonstration purposes can be inferred from the request of the defendant that it be so used, and from appellant's acceptance of such service. This would undoubtedly be so, if the parties were strangers. But here the plaintiff was already under contract to render service for the defendant, and the rule invoked has no application. In the absence of an express agreement to the contrary, the relation of the parties raises a presumption that the use of plaintiff's car was given gratuitously. Especially is that so in view of the conduct of the parties as above pointed out.

The law is well settled that an employee, in the absence of an explicit promise, or of some evidence showing a contrary intent, is not entitled to recover additional compensation for extra services performed by him, unless they were clearly without the sphere of the work for which he was hired. (*Ross* v. *Hardin*, 79 N. Y. 84, 90; *Mathison* v. *N. Y. C. & H. R. R. R. Co.*, 72 App. Div. 254; *Carrere* v. *Dun*, 18 Misc. 18; *Moffat* v. *City of Brooklyn*, 1 N. Y. Supp. 781; *Cany* v. *Halleck*, 9 Cal. 198.)

In *Mathison* v. *N. Y. C. & H. R. R. R. Co.* (*supra*) plaintiff was employed to inspect and repair engines at a certain station on defendant's road, and to operate them in case of an emergency. The switching at this station was done by an engine operated by another engineer. This arrangement was later changed, so that the engines on the trains were required to do most of the switching. If it became necessary to use the switch engine, plaintiff was required

to operate it. Pursuant to the direction of the company, plaintiff, in addition to his regular work, ran the switch engine four or five hours each day for over a year. He sued to recover the value of such extra service. It was held that no promise on the part of the employer to compensate the plaintiff for such additional work could be implied from its performance, or from its acceptance by the defendant, and that, in the absence of a direct promise by the company to pay therefor, plaintiff could not recover.

The same principle would apply in a case where a servant sought to recover the expenses which he incurred in connection with his employment.

In *O'Brien* v. *White Lumber Co.* (185 Pac. 514), a decision of the District Court of Appeals of California, First District, the plaintiff, who was employed as defendant's superintendent, was denied the right to recover compensation for the use of his automobile, which he used on various occasions in connection with the service which he rendered his employer, in the absence of an express agreement that he should be compensated therefor.

The receipt which plaintiff signed on January 23, 1923, when he left defendant's employ, and when he was paid $132, does not constitute an accord and satisfaction of the claim in suit, as is urged by appellant. This receipt contains the following recital: " Salary in full to Jan. 20, 1923." That was the date plaintiff's employment ended. Plaintiff's expenses or remuneration for the use of his car were not mentioned at that time. It is evident that this payment was made and accepted as a discharge of all claims for salary, and nothing else. That being so, neither the receipt, nor the retention of the money paid, constitutes an accord and satisfaction of plaintiff's present claim. (*Mance* v. *Hossington*, 205 N. Y. 33; *Schnell* v. *Perlmon*, 238 id. 362; *Lipscher* v. *Ebling Brewing Co.*, 83 Misc. 30.)

The allowance made to the plaintiff for the use of his car, amounting to $1,160, was improper, and should be deducted from the judgment.

All concur, except THOMPSON, J., who dissents and votes for affirmance. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgments modified by reducing the amount of the recovery to the sum of $417.85 damages as of the date of the rendition of the judgment in the Municipal Court, with fifty dollars costs in the Municipal Court, and as so modified affirmed, without costs to either party in this court or in the County Court.