**In re IRISH BEVERAGE CO., Inc.**

District Court, S. D. New York.

April 4, 1938.

William Wallace Young, of New York City, for claimant.

Joseph Dannenberg, of New York City (Julius M. Arnstein, of New York City, of counsel), for trustee.

PATTERSON, District Judge.

The question is whether the claimant, Johnson, should have the proceeds of sale of certain ale held by the trustee in bankruptcy.

Johnson, a merchant in Liverpool, sold the ale to the bankrupt, an importer here. The sales were f. o. b. Liverpool, the bankrupt paying ocean freight and insurance. Johnson having indicated from the outset that he was unwilling to extend credit to the bankrupt, it was arranged that he would consign the goods to a third party, Inter-Maritime Forwarding Company, and that the Inter-Maritime Company would make delivery of the goods to the bankrupt

against payment of the purchase price and would forward the money to Johnson. What actually happened was that the Inter-Maritime Company would indorse the bills of lading to the bankrupt, enter the goods at the Custom House in the bankrupt's name and have them placed in bonded warehouse in the bankrupt's name, the warehouse receiving instructions not to release them to the bankrupt except on delivery order signed by the Inter-Maritime Company. The Inter-Maritime would not issue a delivery order until the bankrupt paid the purchase price owing to Johnson. The goods were entered and stored as belonging to the bankrupt because the bankrupt was the only party with an alcohol permit. There is no proof that a negotiable warehouse receipt was issued to the bankrupt.

A quantity of the ale so purchased but not paid for by the bankrupt was in warehouse at the time of bankruptcy. The receiver having obtained possession, the goods were sold subject to Johnson's claim, and Johnson brought a petition in the nature of reclamation for the proceeds of sale. The referee held that the proceeds belonged to Johnson. I am of the same opinion.

 By the time the goods reached the warehouse, title to them was in the bankrupt. The property for most purposes had passed on delivery to the ocean carrier at Liverpool, and the seller's limited property in them for securing performance by the buyer, retained by the form of the bill of lading, passed when the bill of lading was indorsed to the bankrupt. New York Personal Property Law, Consol.Laws. c. 41, sec. 101, subd. 2. But the goods were never delivered to the bankrupt. They stood in the bankrupt's name in warehouse, it is true, and if the bankrupt had had unfettered control over them or free access to them, the seller would have had no lien or property right good against the buyer's trustee in bankruptcy, despite an intention to reserve a lien. In re Friend, 2 Cir., 278 F. 153. It is of controlling importance, however, that the bankrupt could not lawfully get possession of the goods without production of a delivery order from the Inter-Maritime Company, and no delivery order could be procured without payment of the price. In effect, the seller still had possession and thus had a lien for the unpaid purchase price. The seller's lien survives so long as the buyer has not been furnished with the means of controlling possession. This was certainly true at common law, Milgate v. Kebble, 3 Man. & G. 100; Arnold v. Delano, 4 Cush., Mass., 33, 50 Am.Dec. 754; Thompson v. Baltimore & Ohio R. Co., 28 Md. 396; White v. Welsh, 38 Pa. 396; 1 Jones on Liens, secs. 807–810; and there is no reason to doubt that it continues to be the law under the Sales Act. Personal Property Law, secs. 134–137. "It is not necessary that the vendor's possession be complete or exclusive. Vendor's possession is sufficient to support a lien if the goods have not passed into the uncontrolled possession of the vendee." Poor v. American Locomotive Co., 7 Cir., 67 F.2d 626, 630.

Any excess of the fund over the unpaid purchase price belongs to the trustee in bankruptcy, but it has not been suggested that there is any such excess.

The referee's order will be affirmed.